## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **TERRY BURTON**<br>DOC #105405 | : | **CIVIL ACTION NO. 2:16-cv-1731**<br>**SECTION P** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **KEITH COOLEY, ET AL** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is a civil rights complaint filed *in forma pauperis* by *pro se* plaintiff Terry Burton ("Burton"). Burton is an inmate in the custody of Louisiana's Department of Public Safety and Correction and is incarcerated at David Wade Correctional Center in Homer, Louisiana. His complaint involves events that occurred when he was incarcerated at Allen Correctional Center ("ALC") in Kinder, Louisiana. Burton names ALC, GEO Group ("GEO"), Warden Keith Cooley ("Cooley"), and ALC Sergeant Matthew Deleon ("Deleon") as his defendants herein.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

## I.
### BACKGROUND

On October 17, 2016, Burton was assigned to hand out cleaning supplies to offenders in their cell on a designated tier. Doc. 1, p. 3. He alleges that while in the process of doing this, Sgt. Deleon was in the process of escorting inmates to and from the shower. *Id.* He claims that when Deleon took inmates Combre Jarell ("Jarell") and Isaiah Mayes ("Mayes") from cell 4 to the shower, he forgot to close their cell door. Doc. 1, att. 1, p. 2. Burton claims as he was going from cell to cell to give offenders cleaning supplies, he passed up cell 4 because the both Jarell and

Mayes were in the shower. *Id.* Then, Deleon brought Jarell back to the cell, closed the door, and left to retrieve Mayes from the shower. During this time, Burton claims Jarell falsely accused him of going into his cell when the door was left open. Doc. 1, p. 4. Burton denied the allegations and the two inmates got "into a heated argument." *Id.* Burton claims that Jarell spit in his face and that he (Burton) then spit in Jarell's face. *Id.* Jarell again spat in Burton's face and threaten him "to get a knife to protect" himself. *Id.* Thereafter, Burton states that he walked away from the cell area to continue with his cleaning duties. *Id.*

Burton contends that Deleon was only a few cells away when the altercation occurred and that he overheard the argument between the inmates. *Id.* Burton further alleges that Deleon saw Jarell spit in his face and knew that Jarell posed a substantial risk of harm to him. *Id.* He claims that, despite knowing this, Deleon nevertheless failed to get another officer to assist him in placing Mayes back in the cell. *Id.* Instead Deleon opened the cell door from the central panel located at the entrance of the tier which allowed Jarell to "sneak out of his cell because there was no security officer to prevent him from leaving his cell." *Id.* Burton claims that Jarell ran down the tier and attacked him from behind. *Id.* He states that Jarell hit him, knocked him on his knees, beat him with his fists on the back of the head, and broke his eyeglasses and silver chain. *Id.* Burton alleges that the incident lasted for approximately five minutes. *Id.* He further alleges that Deleon had to leave the area in order to get help because he did not have a radio. Doc. 1, p. 5. Burton states that he is unsure how long Deleon was gone but, during that time, Jarell bit him and he hit his head. *Id.* Following the incident, Burton was taken to the infirmary where he was treated for injuries to his head and knees. Doc. 1, att. 1, p. 3.

On December 12, 2016, Burton filed a grievance regarding the incident. Doc. 1, p. 2. The grievance was denied on October 31, 2016, and he filed a second step grievance which was denied on November 28, 2016. Doc. 1, att. 1, p. 5. In denying the grievance, the response stated:

> Cpt. Trahan states he responded to the altercation along with Sgt. Joubert and gained compliance of the offenders. He then reviewed the camera footage and determined that Sgt. Deleon did not follow proper procedures. A statement from Sgt. Deleon was not able to be obtained due to the fact that he is currently on Administrative leave due to the incident. The Offender's claim for request for relief are denied. No further action can be accomplished by this review.

*Id.*  As relief, he seeks monetary damages for pain and suffering and injunctive relief.  *Id.* at 6.

## II.
### LAW AND ANALYSIS

#### A.  *Frivolity Review*

Burton has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Under 28 U.S.C. § 1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *Bradley v. Puckett,* 157 F.3d 1022, 1025 (5th Cir. 1998).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.,* 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell,* 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett,* 157 F.3d at 1025 (failure to state a claim).

#### B.  *42 U.S.C. § 1983*

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus, an initial inquiry in a lawsuit filed under § 1983 is whether a plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim under § 1983. In order to hold the

defendants liable under 42 U.S.C. § 1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law; that is, that the defendant was a state actor. *Daigle v. Opelousas Health Care, Inc.*, 774 F.2d 1344, 1348–49 (5th Cir. 1985).

### C.  *Improper Party*

The court notes that ALC does not have the capacity to be sued. Federal Rule of Civil Procedure 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Thus, Louisiana law governs whether the above entity has the capacity to be sued in this action.

Under Louisiana law, an entity must qualify as a "juridical person" for it to have capacity to be sued. This term is defined by the Louisiana Civil Code as "... an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code Ann. art. 24. In Louisiana, neither correctional centers nor sheriff's departments are legal entities capable of suing or being sued as the State of Louisiana has not granted them juridical status. *Ruggiero v. Litchfield*, 700 F. Supp. 863, 865 (M.D. La. 1988); *Liberty Mutual Ins. Co. v. Grant Parish Sheriff's Dep't*, 350 So.2d 236 (La. Ct. App. 1977). Because Burton's suit names a non-juridical entity incapable of being sued, it fails to state a claim upon which relief can be granted and should be dismissed.

### D.  *Supervisory Liability*

Burton has not stated a sustainable claim against GEO or ALC Warden Cooley. It is clear that these parties are named in their supervisory capacities.

It is well settled that supervisory officials may not be held liable under § 1983 under the doctrine of *respondeat superior*. *See Mouille v. City of Live Oak*, 977 F.2d 924 (5th Cir. 1992). To be liable under § 1983, a supervisory official must be personally involved in the act causing the alleged constitutional deprivation, or must have implemented a policy so deficient that the

policy itself acts as a deprivation of constitutional rights. *Cronn v. Buffington*, 150 F.3d 538, 544 (5th Cir. 1998). Burton has named GEO and Warden Cooley as defendants but has not alleged personal involvement or that they implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights.

### E. *Injunctive Relief*

As previously stated, Burton has been transferred from ALC. Therefore, his claims for injunctive relief ("[I] want to have offender Jarell not to be allowed to come back on the compound because I fear for my safety. I want Sgt. Deleon terminated or transferred to another GEO Group, Inc. facility for better training." Doc. 1, p. 6) should be dismissed as moot. The law is clear that the transfer of a prisoner out of an allegedly offending institution generally renders his claims for injunctive relief moot. *Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1081 (5th Cir. 1991) (*per curiam*) (holding that prisoner transferred out of offending institution could not state a claim for injunctive relief). Burton's complaint does not meet the requisite standard. *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (even if plaintiff had established an Eighth Amendment violation, his transfer from the offending institution rendered his claims for declaratory and injunctive relief moot).

### F. *Failure to Protect*

Burton alleges that defendants failed to protect him from harm, specifically from the attack in question. Burton was a convicted inmate at the time of the events on which he bases his claims, so that the Eighth Amendment standard applies.

Under the Eighth Amendment, prison officials have a duty to protect inmates from harm and to take reasonable measures to protect their safety. *Farmer v. Brennan*, 114 S.Ct. 1970, 1976-1977 (1994); *Hare v. City of Corinth*, 74 F.3d 633, 650 (5th Cir. 1996). However, prison officials can be held liable for their failure to protect an inmate only when they are deliberately indifferent

to a substantial risk of serious harm. *Farmer*, 114 S.Ct. at 1977. Only deliberate indifference, "an unnecessary and wanton infliction of pain or acts repugnant to the conscience of mankind," constitutes conduct proscribed by the Eighth Amendment. *Estelle v. Gamble*, 97 S.Ct. 285, 291-292 (1976).

Further, a plaintiff must establish that the defendant possessed a culpable state of mind. *Farmer,* 114 S.Ct. at 1977, citing *Wilson v. Seiter*, 111 S.Ct. 2321, 2326 (1991). A prison official cannot be held liable "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer,* 114 S.Ct. at 1979. "Mere negligence or a failure to act reasonably is not enough. The officer must have the subjective intent to cause harm." *Mace v. City of Palestine,* 333 F.3d at 626.

The fact that Deleon did not follow proper prison procedures does not, in itself, give rise to a constitutional violation. *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996). However, Burton's claims against defendant Deleon in this regard survive review and should be served.

### III.
#### CONCLUSION

For the following reasons, it is recommended that the instant action **SERVED IN PART, AND DISMISSED, IN PART, WITH PREJUDICE.**[1]

**IT IS RECOMMENDED** that Burton's civil rights claims against Warden Keith Cooley, GEO Group, and Allen Correctional Center **be DENIED AND DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief can be granted in accordance with 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

---

[1] The undersigned is recommending dismissal of Burton's claims against ALC; ALC's Warden Keith Cooley; and GEO.  Via a separate Memorandum Order, the undersigned is ordering the service of plaintiff's claims against defendant Matthew Deleon.

**IT IS ALSO RECOMMENDED** that Burton's civil rights claims against defendant Matthew Deleon be served as directed in the separate Memorandum Order issued by this court.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. §2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in Chambers this 7th day of June, 2017.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE